UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JEREMY JAMES GODWIN, CDCR #AS-4717,<br><br>                                   Plaintiff,<br><br>vs.<br><br>JODY MILLER, Assistant District Attorney, County of Imperial,<br><br>                                 Defendant. | Case No.:  24-cv-02267-CAB-VET<br><br>**ORDER DISMISSING CIVIL ACTION WITHOUT PREJUDICE FOR FAILING TO PAY FILING FEE REQUIRED BY 28 U.S.C. § 1914(a) AND/OR FAILING TO MOVE TO PROCEED IN FORMA PAUPERIS PURSUANT TO 28 U.S.C. § 1915(a)** |

      Plaintiff Jeremy James Godwin, proceeding without counsel and incarcerated at Richard J. Donovan Correctional Facility ("RJD") in San Diego, California, filed this civil rights action pursuant to 42 U.S.C. § 1983 in the Central District of California on November 21, 2024. (*See* Compl., ECF No. 1.)  Because Plaintiff seeks to sue an Imperial County Assistant District Attorney for alleged violations of his constitutional rights during an Imperial County Superior Court proceeding, United States Magistrate Judge John D. Early transferred the action to this Court for lack of proper venue and in the interests of justice pursuant to 28 U.S.C. § 1406(a).  (*See* ECF No. 4.)

**I.**      **Failure to Pay Filing Fee or to File *In Forma Pauperis* ("IFP") Motion**

      All parties instituting any civil action, suit or proceeding in a district court of the United States, except an application for writ of habeas corpus, must pay a filing fee of

1

$405, consisting of a $350 statutory fee plus an additional administrative fee of $55, although the $55 administrative fee does not apply to persons granted leave to proceed IFP. *See* 28 U.S.C. § 1914(a) (Judicial Conference Schedule of Fees, District Court Misc. Fee Schedule, § 14 (eff. Dec. 1, 2023)).  An action may proceed despite a plaintiff's failure to pay the entire fee only if he seeks and the court grants him leave to proceed IFP pursuant to 28 U.S.C. § 1915(a).  *See Andrews v. Cervantes*, 493 F.3d 1047, 1051 (9th Cir. 2007); *Hymas v. U.S. Dep't of the Interior*, 73 F.4th 763, 765 (9th Cir. 2023) ("[W]here [an] IFP application is denied altogether, Plaintiff's case [cannot] proceed unless and until the fee[s] [a]re paid.").

"While the previous version of the IFP statute granted courts the authority to waive fees for any person 'unable to pay[,]' … the PLRA [Prison Litigation Reform Act] amended the IFP statute to include a carve-out for prisoners:  under the current version of the IFP statute, 'if a prisoner brings a civil action or files an appeal in forma pauperis, the prisoner shall be required to pay the full amount of a filing fee.'" *Hymas*, 73 F.4th at 767 (quoting 28 U.S.C. § 1915(b)(1)).  Section 1915(b) "provides a structured timeline for collecting this fee." *Id.* (citing 28 U.S.C. § 1915(b)(1)-(2)).

Therefore, to proceed IFP, prisoners must "submit[] an affidavit that includes a statement of all assets [they] possess[,]" as well as "a "certified copy of the[ir] trust fund account statement (or institutional equivalent) for … the 6-month period immediately preceding the filing of the complaint." 28 U.S.C. § 1915(a)(1), (2).  Using this financial information, the court "shall assess and when funds exist, collect, … an initial partial filing fee," which is "calculated based on 'the average monthly deposits to the prisoner's account' or 'the average monthly balance in the prisoner's account' over a 6-month term; the remainder of the fee is to be paid in 'monthly payments of 20 percent of the preceding month's income credited to the prisoner's account." *Hymas*, 73 F.4th at 767 (quoting 28 U.S.C. § 1915(b)(1)–(2)); *Williams v. Paramo*, 775 F.3d 1182, 1185 (9th Cir. 2015).

///

///

As Judge Early noted in his December 4, 2024 Order, Plaintiff did not paid the $405 filing pursuant to 28 U.S.C. § 1914(a) at the time he filed suit in the Central District, nor has he filed a properly supported Motion to Proceed IFP pursuant to 28 U.S.C. § 1915(a) in either the Central District or in this Court since the case was transferred.  (*See* ECF No. 4 at 1, 3.)  Until Plaintiff either pays the filing fee in full or complies with § 1915(a)'s requirements, his case cannot proceed.  *See Andrews*, 493 F.3d 1047, 1051; *Hymas,* 73 F.4th at 765.

**II.**   **Conclusion**

Accordingly, the Court:

1)   **DISMISSES** this civil action *sua sponte* without prejudice based on Plaintiff's failure to pay the $405 civil filing and administrative fee or to submit a Motion to Proceed IFP pursuant to 28 U.S.C. § 1914(a) and § 1915(a); and

2)   **GRANTS** Plaintiff forty-five (45) days leave from the date this Order is filed to re-open the case by: (a) paying the entire $405 filing fee in full; *or* (b) completing and filing a Motion to Proceed IFP which includes a certified copy of his prison trust account statement for the 6-month period preceding the filing of his Complaint. *See* 28 U.S.C. § 1915(a)(2); S.D. Cal. CivLR3.2.b;[1] and

///

---

[1] Plaintiff is cautioned that if he chooses to re-open this case by either paying the full $405 civil filing fee, or submitting a properly supported Motion to Proceed IFP, his Complaint will be subject to a preliminary screening pursuant to 28 U.S.C. § 1915A(b) and/or 28 U.S.C. § 1915(e)(2)(B) regardless of whether he pays the fee in full, or is granted leave to proceed IFP and is obligated to pay it in installments. *See Lopez v. Smith*, 203 F.3d 1122, 1126–27 (9th Cir. 2000) (en banc) (noting that 28 U.S.C. § 1915(e) "not only permits but requires" the court to *sua sponte* dismiss an *in forma pauperis* complaint that is frivolous, malicious, fails to state a claim, or seeks damages from defendants who are immune); *see also Rhodes v. Robinson*, 621 F.3d 1002, 1004 (9th Cir. 2010) (discussing similar screening required by 28 U.S.C. § 1915A of all complaints filed by prisoners "seeking redress from a governmental entity or officer or employee of a governmental entity.").

3) **DIRECTS** the Clerk of the Court to provide Plaintiff with this Court's approved form "Motion and Declaration in Support of Motion to Proceed *In Forma Pauperis*." If Plaintiff fails to either pay the $405 civil filing fee in full or complete and submit the enclosed Motion to Proceed IFP within 45 days, his case will remain dismissed without prejudice based on his failure to satisfy 28 U.S.C. § 1914(a)'s fee requirements.

**IT IS SO ORDERED.**

Dated: December 17, 2024

_____
Hon. Cathy Ann Bencivengo
United States District Judge